UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.  8:15-cr-320-T-23TGW

AKOHOMEN IGHEDOISE,
IKECHUKWU DEREK AMADI,
PRISCILLA ANN ELLIS,
PERRY DON CORTESE,
STACEY MERRITT, and
KENIETTA RAYSHAWN JOHNSON

18 U.S.C. § 1349
18 U.S.C. § 1956
18 U.S.C. §§ 981(a)(1)(C) and
982(a)(1) – Forfeiture
28 U.S.C. § 2461(c) – Forfeiture

**SEALED**

### SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT ONE
(Wire and Mail Fraud Conspiracy)

#### Introduction

At times relevant to this Superseding Indictment:

1. Akohomen IGHEDOISE was a citizen of Canada and a Nigerian national.

2. Ikechukwu Derek AMADI was a citizen of Canada and a Nigerian national.

3. Priscilla Ann ELLIS was a resident of Harker Heights, Texas, and the Chief Executive Officer of Vicken International Traders.

4. Perry Don CORTESE was a resident of Little River, Texas, and an admitted member and practicing lawyer of the Texas Bar Association.

5.    Stacey MERRITT was a federal employee working for the U.S. Department of Veterans' Affairs in Alaska.

6.    Kenietta Rayshawn JOHNSON was employed as a Relationship Banker by Capital One Bank and a resident of Alexandria, Virginia. JOHNSON was also the daughter of ELLIS.

7.    Muhammad Naji was a resident of Tampa, Florida, and is a convicted money launderer.

## The Conspiracy

8.    Beginning on an unknown date, but no later than in or about January 2012, and continuing through and including the date of this Superseding Indictment, in the Middle District of Florida and elsewhere,

> AKOHOMEN IGHEDOISE,
> IKECHUKWU DEREK AMADI,
> PRISCILLA ANN ELLIS,
> PERRY DON CORTESE,
> STACEY MERRITT, and
> KENIETTA RAYSHAWN JOHNSON

the defendants, did knowingly and willfully combine, conspire, confederate, and agree with each other, Muhammad Naji, and other persons, both known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1349, to wit:

(a)    to commit wire fraud, that is, to knowingly, willfully, and with intent to defraud, devise, and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses,

2

representations, and promises that related to material facts, and, for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, any writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343; and

  (b) to commit mail fraud, that is, to execute and attempt to execute a scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, by utilizing the United States mail and private and commercial interstate carriers, for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1341.

## Manner and Means of the Conspiracy

9. The manner and means by which the conspirators sought to accomplish the objects of the conspiracy included, among others, the following:

  a. It was a part of the conspiracy that the conspirators would and did utilize interstate wire communications to defraud lawyers and law firms across the United States, including in the Middle District of Florida, and obtain funds from them by means of materially false and fraudulent pretenses and representations;

  b. It was further part of the conspiracy that conspirators would and did incorporate shell companies with fictitious names and then open, and

3

cause to be opened, bank accounts in the names of said shell companies at various federally-insured financial institutions in the Middle District of Florida and elsewhere;

   c. It was further part of the conspiracy that conspirators would and did contact victim lawyers and law firms, via email and telephone, for the purported purpose of seeking legal representation in transactional dealings and legal disputes. In truth and in fact, the purpose of the contacts with the victim lawyers and law firms was merely to gain access to their legal trust accounts;

   d. It was further part of the conspiracy that conspirators would and did acquire cashier's checks from various financial institutions in low dollar amounts;

   e. It was further part of the conspiracy that conspirators would and did use said cashier's checks to forge new ones made payable to the victim lawyers and law firms they had contacted for tens, if not hundreds, of thousands of dollars;

   f. It was further part of the conspiracy that conspirators would and did advise the victim lawyers and law firms, via email and telephone, that the purported purpose of the legal representation had been settled;

   g. It was further part of the conspiracy that conspirators would and did send, and caused to be sent, via UPS, Federal Express, and / or the U.S. Postal Service, the aforementioned forged cashier's checks to the victim lawyers

4

and law firms as the supposed proceeds of the legal settlements and transactional conclusions;

  h. It was further part of the conspiracy that conspirators would and did instruct the victim lawyers and law firms to deposit the fraudulent cashier's checks into their legal trust accounts, and then promptly wire all or part of said funds across state lines into the accounts of the aforementioned shell companies and other entities created and controlled by conspirators;

  i. It was further part of the conspiracy that conspirators would and did wire, and caused to be wired, the proceeds that they had fraudulently obtained from the victim lawyers and law firms to multiple financial institutions, including financial institutions overseas; and

  j. It was further part of the conspiracy that conspirators would and did perform acts and make statements to misrepresent, hide, and conceal, and cause to be misrepresented, hidden, and concealed, the purpose of the conspiracy and the acts committed in furtherance thereof.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO
### (International Money Laundering Conspiracy)

### The Conspiracy

10. Beginning on an unknown date, but no later than in or about January 2012, and continuing through and including the date of this Superseding Indictment, in the Middle District of Florida and elsewhere,

AKOHOMEN IGHEDOISE,
IKECHUKWU DEREK AMADI,
PRISCILLA ANN ELLIS,
PERRY DON CORTESE,
STACEY MERRITT, and
KENIETTA RAYSHAWN JOHNSON,

the defendants, did knowingly and willfully combine, conspire, confederate, and agree with each other, Muhammad Naji, and other persons, both known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

    (a)    to transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds involving the proceeds of specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, and/or mail fraud, in violation of Title 18, United States Code, Section 1341, from a place in the United States to and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(A); and

    (b)    to transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds involving the proceeds of specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, and/or mail fraud, in violation of Title 18, United States Code, Section 1341, from a place in the United States to or through a place outside the United States, knowing that the funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and

6

knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

## Manner and Means

11. Paragraphs 1 through 7 and 9 in Count One of this Superseding Indictment are hereby realleged and incorporated by this reference as though fully set forth herein.

12. The additional manner and means by which the conspirators sought to accomplish the objects of this conspiracy included, among others, the following:

   a. It was a part of the conspiracy that conspirators would and did participate in a wide variety of fraud schemes, including, but not limited to, those referenced herein, as part of a transnational criminal organization, operating in the United States, Canada, Africa, Asia, and Europe, among other locations;

   b. It was further part of the conspiracy that conspirators would and did launder the fraudulently-obtained proceeds of these schemes;

   c. It was further part of the conspiracy that conspirators would and did obtain, and attempt to obtain, proceeds from the law firm scheme described in Count One;

   d. It was further part of the conspiracy that conspirators would and did fraudulently obtain, and attempt to obtain, proceeds from email intrusion schemes wherein conspirators unlawfully hacked into the email accounts of

7

individuals and businesses, fraudulently assumed the identities of those account holders, and authorized, and caused to be authorized, wire transfers of said account holders' funds to conspirators;

   e. It was further part of the conspiracy that conspirators would and did fraudulently obtain, and attempt to obtain, proceeds from romance schemes wherein conspirators targeted users of internet dating and social networking sites, feigned romantic relationships with those users, and created fictitious scenarios in which said users needed to wire funds to conspirators in order to further advance and culminate these relationships;

   f. It was further part of the conspiracy that conspirators would and did fraudulently obtain, and attempt to obtain, proceeds by "spoofing" email accounts of legitimate businesses – that is, by creating and using email accounts that appeared to originate from authorized users within those businesses but were wholly fraudulent – and, thereby, inserted themselves into business transactions with and on behalf of those businesses to authorize, and caused to be authorized, wire transfers of the businesses' funds to conspirators;

   g. It was further part of the conspiracy that conspirators would and did open, and cause to be opened, bank accounts at different financial institutions for the purpose of receiving, transmitting, or otherwise obtaining the proceeds of the aforementioned, and other, fraud schemes;

h. It was further part of the conspiracy that conspirators would and did cause, and attempt to cause, victims of the aforementioned, and other, fraud schemes, to wire fraudulently-obtained proceeds into said bank accounts;

i. It was further part of the conspiracy that conspirators would and did share in the proceeds of the fraud schemes, usually receiving percentages commensurate with their respective roles;

j. It was further part of the conspiracy that conspirators would and did send fraudulently-obtained proceeds to and from multiple financial institutions, including financial institutions overseas, in order to conceal and disguise the source of, and to hinder any efforts to locate, said proceeds;

k. It was further part of the conspiracy that conspirators would and did send fraudulently-obtained proceeds to and from multiple financial institutions, including financial institutions overseas, in order to promote the carrying on of the aforementioned fraud schemes; and

l. It was further part of the conspiracy that conspirators would and did perform acts and make statements to misrepresent, hide, and conceal, and cause to be misrepresented, hidden, and concealed, the purpose of the conspiracy and the acts committed in furtherance thereof.

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE

1. The allegations contained in Counts One and Two of this Superseding Indictment are incorporated by reference for the purpose of alleging

forfeitures pursuant to Title 18, United States Code, Sections 982(a)(1) and 981(a)(1)(C), and Title 28, United States Code, Section 2461(c)

2. Upon conviction of a violation of Title 18, United States Code, Section 1341 or Section 1343, the defendants,

> AKOHOMEN IGHEDOISE,
> IKECHUKWU DEREK AMADI,
> PRISCILLA ANN ELLIS,
> PERRY DON CORTESE,
> STACEY MERRITT, and
> KENIETTA RAYSHAWN JOHNSON,

shall forfeit to the United States of America, pursuant to pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation.

3. Upon conviction of a violation of Title 18, United States Code, Section 1956, the defendants,

> AKOHOMEN IGHEDOISE,
> IKECHUKWU DEREK AMADI,
> PRISCILLA ANN ELLIS,
> PERRY DON CORTESE,
> STACEY MERRITT, and
> KENIETTA RAYSHAWN JOHNSON,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense and any property traceable to such property.

4. The property to be forfeited includes, but is not limited to, the following:

10

      a. a forfeiture money judgment in the amount of at least $8.8 million;

      b. the real property located at 110 W. Veterans Memorial Blvd., Harker Heights, Texas 76548; and

      c. the real property located at 14 and 16 S. Main Street, Temple, Texas 76501 (Bell County, Texas).

5. If any of the property described above, as a result of any act or omission of the defendants:

      a. cannot be located upon the exercise of due diligence;

      b. has been transferred or sold to, or deposited with, a third party;

      c. has been placed beyond the jurisdiction of the court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

6. The property to be forfeited as substitute assets includes, but is not limited to, the following:

   a. the real property located at 1305 Springforest Circle, Killeen, Texas 76548; and

   b. the real property located at 1703 S. Roy Reynolds Drive, Killeen, Texas 76543.

A TRUE BILL,

_____
Foreperson

A. LEE BENTLEY, III
United States Attorney

By: _____
    Matthew Jackson
    Assistant United States Attorney

By: _____
    Robert A. Mosakowski
    Assistant United States Attorney
    Chief, Economic Crimes Section

FORM OBD-34
APR 1991

No. 8:15-CR-320-T-23TGW

# UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

AKOHOMEN IGHEDOISE,
IKECHUKWU DEREK AMADI,
PRISCILLA ANN ELLIS,
PERRY DON CORTESE,
STACEY MERRITT, and
KENIETTA RAYSHAWN JOHNSON

## SUPERSEDING INDICTMENT

Violations:

Title 18, United States Code, Sections 1349 and 1956

A true bill,

_M. Elyse Wilson_
Foreperson

Filed in open court this 24th day

of September, 2015.

_____
Clerk

Bail $ _____

2015 SEP 24 PM 4:27
CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

FILED

GPO 863 525

L:\_Criminal Cases\E\ELLIS_Pricilla Ann_2015R00892_MTJ\Super Indictment Package\f_Indictment back.docx